1    **WO**

2

3

4

5

6                   IN THE UNITED STATES DISTRICT COURT

7                       FOR THE DISTRICT OF ARIZONA

8

9    Latroy Timmons,                    )    No. CV 08-263-PHX-JAT (MHB)
                                         )
10                  Petitioner,          )    **ORDER**
                                         )
11   vs.                                 )
                                         )
12                                       )
     Dora B. Schriro, et al.,            )
13                                       )
                    Respondents.         )
14                                       )
                                         )
15   _____ )

16        Petitioner *pro se*, Latroy Timmons ("Petitioner"), filed a Petition for Writ of Habeas

17   Corpus pursuant to 28 U.S.C. § 2254 on February 8, 2008.  (Dkt. #1.)  The matter was

18   assigned to United States Magistrate Judge Michelle H. Burns, who issued a Report and

19   Recommendation on November 26, 2008 (Dkt. #12), recommending that the Court deny and

20   dismiss with prejudice the Petition for Writ of Habeas Corpus.  Petitioner filed a written

21   objection to the Report and Recommendation on December 11, 2008.  (Dkt. #13.)

22                            **STANDARD OF REVIEW**

23        This Court "may accept, reject, or modify, in whole or in part, the findings or

24   recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1).  It is "clear that the

25   district judge must review the magistrate judge's findings and recommendations *de novo if*

26   *objection is made*, but not otherwise."  *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121

27   (9th Cir. 2003) (*en banc*) (emphasis in original); *Schmidt v. Johnstone*, 263 F.Supp.2d 1219,

28   1126 (D.Ariz. 2003) ("Following *Reyna-Tapia*, this Court concludes that *de novo* review of

1   factual and legal issues is required if objections are made, 'but not otherwise.'"). District

2   courts are not required to conduct "any review at all . . . *of any issue* that is not the subject

3   of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985) (emphasis added); *see also* 28

4   U.S.C. § 636(b)(1) ("the court shall make a *de novo* determination of those portions of the

5   [report and recommendation] to which objection is made.").

6       As stated above, Petitioner seeks relief from his state court conviction based on 28

7   U.S.C. § 2254.  With respect to any claims that Petitioner exhausted before the state courts,

8   under 28 U.S.C. §§ 2254(d)(1) and (2), this Court must deny the Petition on those claims

9   unless "a state court decision is contrary to, or involved an unreasonable application of,

10  clearly established Federal law"[1] or was based on an unreasonable determination of the facts.

11  *See Lockyer v. Andrade*, 538 U.S. 63, 71 (2003).  "When applying these standards, the

12  federal court should review the 'last reasoned decision' by a state court . . . ." *Robinson v.*

13  *Ignacio*, 360 F.3d 1044, 1055 (9th Cir. 2004).  Accordingly, the summary denial of

14  Petitioner's petition for review by the Arizona Court of Appeals renders the trial court's

15  decision on Petitioner's Petition for Post-Conviction Relief  the "last reasoned decision" of

16  the state court, subject to this Court's review. *See Ylst v. Nunnemaker*, 501 U.S. 797, 803-03

17  (1991) ("later unexplained orders upholding [a] judgment [rejecting a federal claim]" raises

18  a presumption that the reviewing court "looks through" that order to the last reasoned

19  decision).

20

21       [1] Further, in applying "Federal law" the state courts only need to act in accordance
22  with Supreme Court case law. *See Clark v. Murphy*, 331 F.3d 1062, 1069 (9th Cir. 2003)("In
    attempting to answer [whether the state court applied Federal law in an objectively
23  reasonable manner], the only definitive source of clearly established federal law under
    AEDPA is the holdings (as opposed to the dicta) of the Supreme Court as of the time of the
24  state court decision. *Williams* [*v. Taylor*], 529 U.S. [362], 412 [(2000)]. While circuit law
    may be 'persuasive authority' for purposes of determining whether a state court decision is
25  an unreasonable application of Supreme Court law, *Duhaime v. Ducharme*, 200 F.3d 597,
26  600-01 (9th Cir.1999), only the Supreme Court's holdings are binding on the state courts and
    only those holdings need be reasonably applied. *See Williams*, 529 U.S. at 412 ('The ...
27  statutory language makes clear . . . that § 2254(d)(1) restricts the source of clearly established
28  law to this Court's jurisprudence.')").

1          Further, this Court must presume the correctness of the state court's factual findings

2    regarding a petitioner's claims.  28 U.S.C. § 2254(e)(1); *Ortiz v. Stewart*, 149 F.3d 923, 936

3    (9th Cir. 1998).  Additionally, "[a]n application for a writ of habeas corpus may be denied

4    on the merits, notwithstanding the failure of the applicant to exhaust the remedies available

5    in the courts of the State."  28 U.S.C. § 2254(b)(2).

6                                              **DISCUSSION**

7          Petitioner objects to the Report and Recommendation on several grounds: (1) that

8    Petitioner's counsel was ineffective during the acceptance of the plea agreement and

9    subsequent sentencing; (2) that it was error for the trial court to deny Petitioner's motion to

10   withdraw from the plea agreement; and (3) that the trial court's imposition of an aggravated

11   sentence was unconstitutional.  In this case, because objections were filed, this Court will

12   review all issues to which an objection was filed *de novo*.

13   **I.     INEFFECTIVE ASSISTANCE OF COUNSEL**

14         Under *Strickland v. Washington*, 466 U.S. 668 (1984) and its progeny, "[a]n

15   ineffective assistance of counsel claim has two components: A petitioner must show that

16   counsel's performance was deficient, and that the deficiency prejudiced the defense.  To

17   establish deficient performance, a petitioner must demonstrate that counsel's representation

18   fell below an objective standard of reasonableness." *Wiggins v. Smith*, 539 U.S. 510, 521

19   (2003) (internal citations and quotations omitted).  A deficient performance is one that is

20   "outside the wide range of professionally competent assistance." *Strickland*, 466 U.S. at 690.

21   In the context of a plea agreement, a defendant may attack the voluntary and intelligent

22   character of the plea by showing that the advice he received from counsel fell below the level

23   of competence expected of attorneys in criminal cases.  *Hill v. Lockhart*, 474 U.S. 52, 56

24   (1985).

25         In order to show prejudice, Petitioner "must show that there is a reasonable probability

26   that, but for counsel's unprofessional errors, the result of the proceeding would have been

27   different. A reasonable probability is a probability sufficient to undermine confidence in the

28   outcome." *Strickland*, 466 U.S. at 694.  Without specifics that cause the court to have such

1  doubts, a claim of ineffective assistance of counsel must be denied. *See James v. Borg*, 24

2  F.3d 20, 26 (9th Cir. 1994) (noting that petitioner needs to "identify what evidence counsel

3  should have presented" to show his innocence). In the context of a plea agreement,

4  Petitioner, "must show that there is a reasonable probability that but for counsel's errors, he

5  would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at

6  59. Further, where a defendant cannot establish prejudice, the court need not reach the

7  performance prong. *Williams v. Calderon*, 52 F.3d 1465, 1470 (9th Cir. 1995).

8         **A.     Ineffective Assistance Claim in State Court**

9         As recounted in the Report and Recommendation, Petitioner raised a claim of

10  ineffective assistance of counsel before the state courts in his Petition for Post-Conviction

11  Relief. (Report & Recommendation, Dkt. #12, pp. 6-7.) Petitioner contended his counsel

12  (1) failed to effectively explain the consequences of entering into the plea agreement, and (2)

13  failed to object to the use and introduction of the pre-sentence report during sentencing. The

14  state court concluded that Petitioner was advised, by both counsel and the trial court, of the

15  consequences of entering into the plea agreement. (*Id.* at 7.) Further, the state court found

16  that Petitioner had waived his right to have a jury determine the existence of aggravating

17  factors; therefore the trial court's use of the pre-sentence report to determine aggravating

18  factors was proper. (*Id.*) As discussed above, this Court must defer to these conclusions

19  unless they were contrary to, or involved an unreasonable application of, clearly established

20  federal law, or were based on an unreasonable determination of the facts. *See Lockyer*, 538

21  U.S. at 71.

22         **B.     Advice Regarding Plea Agreement**

23         Petitioner argues that his counsel's alleged failure to make him "aware of his

24  constitutional rights" and to inform him of the "nature of the plea," including his waiver of

25  the right to have aggravating factors proven to a jury beyond a reasonable doubt, constitutes

26  ineffective assistance of counsel. However, Petitioner fails to show that he was prejudiced

27  by his counsel's alleged failure. The written, signed plea agreement clearly sets forth

28  Petitioner's constitutional rights and the nature of his plea, including the waiver of his right

1 to have aggravating factors determined by a jury.  Further, in response to the trial judge's

2 specific inquiries concerning whether he fully understood the nature of the plea and the rights

3 he was waiving, Petitioner acknowledged that he was aware of and understood his rights, was

4 willing to waive them and enter his pleas of guilty.  (Dkt. #10, Answer to Petition for Writ

5 of Habeas Corpus, Exh. P, Transcript of Change of Plea Proceedings.)   Petitioner's

6 statements to the trial court that he understood the sentence he was facing and agreed to

7 waive his right to have a jury determine aggravating factors "carry a strong presumption of

8 verity."  *Blackledge v. Allison*, 431 U.S. 63, 74 (1977) (defendant's statements at plea

9 hearing "constitute a formidable barrier" at later proceedings).  Therefore, absent any

10 evidence in the record suggesting the guilty plea was not voluntary and intelligent,

11 Petitioner's claim of ineffective assistance should be denied.

12        In reviewing the record, the Court cannot find, nor does Petitioner point to, any

13 evidence to indicate that the guilty plea was not voluntary and intelligent.  As such, Petitioner

14 fails to show a reasonable probability that he would not have pleaded guilty but for the

15 alleged errors of his counsel, and thus cannot establish that he was prejudiced by his

16 counsel's alleged deficiencies in performance.

17        **C.      Judge's Use of Pre-Sentence Report**

18        Petitioner also argues that his counsel's failure to object to the introduction and use

19 of the pre-sentence report constitutes ineffective assistance.  However, there is no state or

20 federal law prohibiting a trial court from relying on a pre-sentence report.  In fact, Rule 26.4

21 of the Arizona Rules of Criminal Procedure *requires* that a pre-sentence report be prepared

22 in all cases in which the sentence to be imposed is more than one year and the court has

23 discretion over the penalty to be imposed.  *See* Ariz.R.Crim.P. 26.4.  Further, any reliable

24 information may be considered by the court in determining the propriety of a sentence within

25 the allotted range.  *See* Ariz.R.Crim.P. 26.7(b); *State v. Fagnant*, 176 Ariz. 218, 220 (1993);

26 *overruled on other grounds*, in *State v. Smith*, __ Ariz. __, 194 P.3d 399 (2008); *see also*

27 *State v. Carbajal*, 177 Ariz. 461, 463 (App. 1994) (upholding finding of aggravating factors

28 based on reliance on information provided in pre-sentence report).  Therefore, the Court finds

- 5 -

1   that had Petitioner's counsel objected to the introduction and use of the pre-sentence report,

2   it would have been futile, and would not have changed the changed the result of the

3   proceeding.

4       **D.     Conclusion**

5       Petitioner fails to establish that the state court decision that Petitioner failed to raise

6   a colorable claim of ineffective assistance of counsel was contrary to, or involved an

7   unreasonable application of, clearly established federal law, or that the decision was based

8   on an unreasonable determination of the facts.  Accordingly, the Court will deny habeas

9   relief based on Petitioner's ineffective assistance of counsel claim.

10  **II.     DENIAL OF MOTION TO WITHDRAW FROM THE PLEA AGREEMENT**

11      A state court's decision on a motion to withdraw from a plea does not present a

12  federal constitutional issue.  *See Langford v. Day*, 110 F.3d 1380, 1388-89 (9th Cir. 1997)

13  (holding that the Montana state courts' application of the state's "good cause" standard to

14  withdraw from a plea does not raise an issue of federal due process).  Further, merely

15  asserting a due process violation will not convert a state law issue into a federal issue in the

16  habeas context.  *See id.* at 1389 (state law issues are not cognizable as a federal habeas

17  claim).  Thus, on this state law issue (i.e., the standard for withdrawing from a plea), the

18  Court defers to the state court's conclusion.

19      Further, even if this Court had the authority to consider this claim on the merits, the

20  state court correctly applied state law.  Rule 17.5 of the Arizona Rules of Criminal Procedure

21  provides that a court may allow withdrawal from a guilty plea when necessary to avoid a

22  manifest injustice.  *See* Ariz.R.Crim.P. 17.5.  The burden of proof is on the defendant to

23  establish that withdrawal from the plea is necessary to correct a manifest injustice.  *See State*

24  *v. Romers*, 159 Ariz. 271, 274 (App. 1988).  The Court notes however, that a motion to

25  withdraw from a plea is left to the discretion of the trial court.  *See State v. Gibbs*, 6

26  Ariz.App. 600, 601-02 (1967).

27      Petitioner premised his right to withdraw on his claim of "actual innocence," and the

28  alleged failure of the court and his counsel to advise him of his right to a jury determination

1    of the facts used to aggravate his sentence. Petitioner fails to carry his burden of establishing

2    a manifest injustice; he merely asserts that he is innocent. Petitioner points to no objective

3    evidence of his innocence other than his desire to challenge the physical evidence against

4    him. However, "[a] defendant is not entitled to withdraw from his plea merely because he

5    discovers long after the plea has been accepted that his calculus misapprehended the quality

6    of the State's case . . . ." *State v. Fowler*, 137 Ariz. 381, 383 (App. 1983). Further, as

7    discussed above, there is no evidence that Petitioner was not fully aware of the rights that he

8    was waiving by entering into the plea agreement. Accordingly, this Court defers to the state

9    court's correct decision that Petitioner had not met the state's manifest injustice standard to

10   withdraw from his plea.

11   **III.    IMPOSITION OF AN AGGRAVATED SENTENCE**

12          Petitioner argues that the imposition of an aggravated sentence is not proper because

13   the determination of the existence of any aggravating circumstances was not presented to a

14   jury and proved beyond a reasonable doubt.[2] Petitioner also raised this claim in his Petition

15   for Post-Conviction Relief. The state court found that Petitioner had waived his right to have

16   a jury determine the existence of aggravating circumstances when determining whether to

17   impose an aggravated sentence. (Dkt. #1-2, p. 29.) As discussed above, this Court must

18   defer to this conclusion unless it was contrary to, or involved an unreasonable application of,

19

20          [2] Petitioner also argues that to the extent that he waived his right to have aggravating
     factors determined by a jury, that such a waiver is unconstitutional. However, in *Blakely*, the
21   Supreme Court held that a defendant may waive his right to have a jury, as opposed to a
     judge, determine the existence of aggravating factors. Specifically, the Court stated:
22

23          Justice Breyer argues that *Apprendi* works to the detriment of
            criminal defendants who plead guilty by depriving them of the
24          opportunity to argue sentencing factors to a judge. But nothing
            prevents a defendant from waiving his *Apprendi* rights. When
25          a defendant pleads guilty, the State is free to seek judicial
            sentence enhancements so long as the defendant either stipulates
26          to the relevant facts or consents to judicial factfinding.
27

28   *Blakely v. Washington*, 542 U.S. 296, 310 (2004).

- 7 -

1 clearly established federal law, or was based on an unreasonable determination of the facts.

2 *See Lockyer*, 538 U.S. at 71.

3 In *Blakely*, the Supreme Court held that any fact (besides the finding of a prior

4 conviction) that increases the range of punishment beyond the statutory maximum that would

5 be authorized by the jury's verdict alone must be submitted to a jury and proved beyond a

6 reasonable doubt. *See Blakely*, 542 U.S. at 301 (applying "the rule we expressed in *Apprendi*

7 *v. New Jersey*, 530 U.S. 466, 490 (2000): 'Other than the fact of a prior conviction, any fact

8 that increases the penalty for a crime beyond the presumptive statutory maximum must be

9 submitted to a jury and proved beyond a reasonable doubt.'").

10 In Arizona, the presumptive sentence is generally considered the statutory maximum.

11 *See State v. Price*, 217 Ariz. 182, ¶ 8 (2007) ("[t]he statutory maximum for *Apprendi*

12 purposes . . . is the presumptive sentence established" by statute).  However,

13 If there is one *Apprendi*-compliant aggravating factor, 'a
defendant is exposed to a sentencing range that extends to the
14 maximum punishment available under section 13-702.' Once
such a factor is properly found-by the jury, based on a
15 defendant's admission, or, for a prior conviction, by the court or
jury-'the Sixth Amendment permits the sentencing judge to find
16 and consider additional factors relevant to the imposition of a
sentence up to the maximum prescribed in that statute.'

17 *Id.* at 185, ¶ 15 (citations omitted).

18
19 Here, the trial court noted that Petitioner had four prior felony convictions.  Therefore,

20 the trial court was permitted to consider additional factors relevant to the imposition of a

21 sentence up to the maximum prescribed in the statute.  Moreover, Petitioner waived his

22 *Apprendi/Blakely* rights and consented to judicial factfinding with regard to the existence of

23 aggravating factors in his plea agreement.  As such, the Court cannot find that the state's

24 imposition of an aggravated sentence was contrary to, or involved an unreasonable

25 application of, clearly established federal law, or that the decision was based on an

26 unreasonable determination of the facts.  Accordingly, the Court finds that the trial court's

27 imposition of an aggravated sentence was proper.

28

1

**CONCLUSION**

2      The Court finds that Petitioner fails to establish that the state court's denial of his

3  Petition for Post-Conviction Relief was contrary to, or involved an unreasonable application

4  of, clearly established federal law, or that the decision was based on an unreasonable

5  determination of the facts.

6      **IT IS THEREFORE ORDERED** that Petitioner's objections to the Report and

7  Recommendation are **OVERRULED**. (Dkt. #13.)

8      **IT IS FURTHER ORDERED** accepting and adopting the Report and

9  Recommendation in its entirety as discussed in this Order. (Dkt. #12.)

10      **IT IS FURTHER ORDERED** that the Petition for Writ of Habeas Corpus is

11  **DENIED** and **DISMISSED WITH PREJUDICE**. (Dkt. #1.)

12      **IT IS FURTHER ORDERED** directing the Clerk of the Court to enter judgment

13  accordingly.

14      DATED this 23rd day of February, 2009.

15

16

17                                         _____
                                              James A. Teilborg
18                                          United States District Judge

19

20

21

22

23

24

25

26

27

28

- 9 -